Tompkins, J.,
delivered the opinion of the'Court.
Russell sued Barcroft in the 'Circuit Court of Saint Charles county, on a promissory note for $801 66 2-3.- The parties submitted the caseto the Court on the general issue. The plaintiff gave in evidence the note, dated 31st May, 1819, and the defendant gave in evidence a bond made by Russell to one Watham, and dated 10th November, 1818, and assigned to - Barcroft by Watham, on 31st May, 1819, the day of the date of the note- sued on. By this bond-Russell bound himself to convey to Watham certain landj in-case Watham shouldj on or before the 10th of September,. 1819, pay Russell the sum of $804 66 2-3, and if Watham failed to pay, then the bond to be void. The note also Was payable on the 10th September, 1819. Hemp-stead, the witness to the note, proved the assignment and delivery of the note to the agent of Russell;-the witness also stated, that Barcroft agreed to pay Russell the sum of money mentioned inthe bond, and accordingly executed the note sued on in. *366 this case, and .Watham at the same time. assigned to him the bond of Russell, as above mentioned. It appears also, that fhe land, which Russell by his bond agreed to convey, made part of a tract of land sold by Watham at that time to Bar-croft. The plaintiff insisted before the Court, that these facts were not,sufficient to warrant a judgment for. the defendant; the Court deciding that they wqre .sufficient. Exceptions were taken to the opinion, judgment w^ent for the defendant;., To reverse tíjis judgment an appeal is taken to this Court, and the plaintiff assigns for error,
First. That no issue is found.,
Second. That the Court erred in deciding the testimony in this case to be sufficient to preclude the plaintiff from recovering.
Neither plaintiff nor defendant in argument noticed ¿he first assignment. . On. inspection of the record the Court finds these words : “ neither party requiring a jury, and the Court here having heard the proofs and allegations of both parties, and maturely considered the same, it .is the opinion of said. Court now. here,, that said plaintiff take nothing by his writ, &c., but that the defendant do have and recover, &c., his costs, &c., and have execution.” The issue joined and necessary to be found is, whether the defendant did or did not undertake or promise. This issue is not fqund. This assignment of error is then thought to be well made. On the second assignment of error.it was contended, among other things, by the defendant, that it w.as optional with Watham jo pay the money for th'e land or,not ;..that his assignee had the same right; .that the contract, if not .rescinded by jts-own terms, is mutual, and defendant, Russell, ought to have shown that he was ready and willing to convey. That, by the assignment, Russell gave no new consideration and sustained no loss. The Court thinks it unnecessary to say any thing about the obligations of Watham and Russell to each other, by .reason of this bond or contract, or how it might affect Barcroft as assignee, but the Court thinks that the transfer by assignment of Russell’s bond to Barcroft, is a good consideration moving from Watham to support the promise made*by- Barcroft, (in -the note sued-on,) to pay the money sued for to Russell. It is not, in the opinion of the-Court necessary, that the consideration should move from the plaintiff.- In Schemerhorn v. Vanderhayden, 1 Johns, 139, it is decided that a parol promise from one person to another, for the benefit of a third person, will enable that person to maintain an action on such promise ; and in the case here cited, .the consideration..moved' from the person to whoa the promise was made. Why then should not Russell) when the promise is made to him in writing, maintain his action, the consideration moving in like manner from Watham. The case is much stronger than that' cited: There are many cases cited in Johnson to support the authority, of that case.
The judgment of the Circuit Court is reversed, and the cause will be returned to the Circuit Court for a new .trial, The plaintiff in error will be allowed his costs ia this Court.
See same case; post 662.